[No. 5314. Decided April 20, 1905.]

WILLIAM BELOND, *Appellant,* v. J. W. RAYBURN *et al., Respondents.*[1]

INTERPLEADER—ACTION BY TENANT INDEBTED FOR RENT AGAINST GARNISHEE OF LANDLORD—COMPLAINT—SUFFICIENCY. A complaint in an action of interpleader, brought by a tenant who was indebted for rent, against his landlord and the landlord's creditors, and one A, and bringing into court the amount of rent admitted to be due, does not state facts sufficient to constitute a cause of action, where it appears therefrom that the plaintiff had been garnished by the creditors, and a judgment recovered

[1]Reported in 80 Pac. 553.

against him for a certain sum, and that immediately after the trial, the landlord notified plaintiff of a sale of his interests to A and demanded payment of the same as A's attorney; since the creditors could not be compelled to relitigate their right to judgment in the garnishment proceedings, and if no cause of action is stated against the creditors, none is stated against the other defendants.

Appeal from a judgment of the superior court for King county, Bell, J., entered May 24, 1904, upon sustaining a demurrer to a complaint, dismissing an action of interpleader. Affirmed.

*Ralph Simon,* for appellant.

*William H. Brinker* and *Allen, Allen & Stratton,* for respondents.

FULLERTON, J.—The plaintiff brought this action under the statutes relating to interpleader. A demurrer was interposed to his complaint, and sustained, and, on his electing to stand thereon, a judgment of dismissal of his action was entered.

In substance the appellant alleged, that he was occupying a certain store room in the city of Seattle, which had been leased from the owner by one A. T. Barnette and the defendant J. W. Rayburn; that he held the same under a written lease from Barnette, which had been ratified and confirmed by Rayburn, which lease bore date July 21, 1902, and provided for a term commencing August 1, 1902, and terminating June 1, 1904, at a monthly rental of $200 per month, payable in advance, one-half to Barnette and one-half to Rayburn; that he kept and performed the conditions of the lease on his part to be kept and performed, paying the rental as therein prescribed until the month of August, 1903; that, on the day last named, the defendants Farnandis & Co. brought an action against Rayburn, sued out and caused to be

served upon appellant a writ of garnishment, calling upon him to make answer concerning his indebtedness to Rayburn; that he thereafter did make answer, setting up his lease from Rayburn and the terms upon which he held the property above mentioned; that, while the garnishment proceedings were pending, Rayburn made and delivered to the defendants Farnandis & Co. an order directing appellant to pay Allen, Allen & Stratton, for Farnandis & Co., the sum of $250, which order he paid upon its presentation; that afterwards such proceedings were had in the garnishment proceedings that judgment was entered against him for the sum of $300.90, together with costs and attorney's fees, taxed at $17, on which judgment the sum of $250, theretofore paid, was credited; that, immediately after the trial, the defendant Rayburn notified him that he had theretofore sold and assigned all his interest in the lease to the defendant W. G. Alexander, and, as Alexander's attorney, demanded of him to pay the sum of $1,750 as rentals, or quit and surrender the premises within three days. It was then alleged that he held a balance due, by the terms of the lease, of $533, which he paid into the treasury of the court. He further alleged that Rayburn is a designing, turbulent, and litigious man, insolvent and unable to respond in damages; that Alexander does not reside in the state of Washington; and that defendants Rayburn and Alexander are in collusion for the purpose of cheating, defrauding, and harrassing him. He prayed that the defendants Rayburn and Alexander be restrained from interfering with his possession during the term of the lease; that they, and the other defendants, be required to interplead together concerning their claims to the rent, and that the court determine who is entitled thereto; there is a prayer also for general relief.

We think the demurrer was properly sustained. The defendants Farnandis & Co. cannot be compelled, in this action, to litigate over again their right to a judgment in the garnishment proceedings. If it be true that the appellant was misled by the deceit of Rayburn into answering, in the garnishment proceeding, that he was indebted to Rayburn, when in fact he was not, his remedy, if any he has, is to apply in that proceeding for relief on some one of the grounds provided by the code for vacating judgments. Had Farnandis & Co. been guilty of fraud in obtaining the judgment of garnishment, an action against them to set it aside might lie, but the fraud of Rayburn is not a sufficient ground on which to base such an action. As there is no cause of action stated against Farnandis & Co., there is, of course, none against the other defendants.

The judgment is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.